UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELTON DURRELL THOMAS,<br>　　　　Plaintiff,<br>　　v.<br>ALAMEDA COUNTY, et al.,<br>　　　　Defendants. | Case No. 14-cv-01810-JD<br><br>**ORDER GRANTING ALAMEDA COUNTY'S MOTION TO DISMISS**<br>Re: Dkt. No. 14 |

Plaintiff Elton Durrell Thomas brings claims under 42 U.S.C. § 1983 and California state law against Alameda County and the Alameda County Sheriff's Office ("ACSO"). While in custody as a pretrial detainee, Thomas alleges that he was improperly housed with members of a rival gang, was attacked and sustained injuries, and did not receive appropriate protection or medical care from defendants. Defendant Alameda County ("the County") moves to dismiss the complaint. The Court dismisses plaintiff's two federal claims, one with leave to amend, and declines to exercise supplemental jurisdiction over the state law claims until Thomas successfully alleges a Section 1983 claim.

## BACKGROUND

The complaint states these allegations. While incarcerated in the Santa Rita Jail as a pretrial detainee, Thomas was taken to the Hayward Hall of Justice by the ACSO on April 20, 2012 for a pretrial hearing in the Superior Court. Complaint at ¶¶ 10, 12. In the holding tank at the Hayward court, two inmates with gang affiliations assaulted his friend and alleged co-conspirator, To Nguyen. *Id.* at ¶¶ 13, 16. Thomas was attacked when he tried to intervene. *Id.* He alleges the attack was videotaped and that he was not taken to a doctor after the assault, even though he suffered abrasions and was bleeding. *Id.* at ¶¶ 15, 21.

Thomas alleges that the attack was gang related. *Id.* at ¶ 14. In his view, the ACSO knew that the two attackers were "active members of the violent criminal Norteño street gang known as 'Decoto XIX.'" *Id.* The ACSO also knew that Thomas and Nguyen are members of another street gang, the "'Insane Viet Thugs (IVT).'" *Id.* Thomas claims he and Nguyen should not have been left alone with the Norteño gang members and that the deputies "waited for plaintiff to be assaulted before offering intervention." *Id.* at ¶¶ 18-20.

He filed suit on April 18, 2014 against Alameda County and the Alameda County Sheriff's Office. The complaint alleges two federal claims against the county: (1) violation of the eighth amendment under 42 U.S.C. § 1983 and (2) violation of the fourteenth amendment under Section 1983. He also alleges prison overcrowding and the following California state-law claims: (1) deprivation of rights under the California Constitution, Article 1, Section 7; (2) negligence; (3) intentional infliction of emotional distress; (4) and race discrimination under California Civil Code §§ 51, 51.5 and 52. Alameda County moved to dismiss the complaint in its entirety as against the County.

The ACSO did not make its own motion and has not otherwise appeared in the case. The Court is advised that service was not properly made on the ACSO and that the Clerk's office declined to enter a notice of default on that basis. Dkt. Nos. 12, 36. Consequently, this case is active only against the County at this time.

## DISCUSSION

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly* at 556). "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir.

1    2009) (citing *Iqbal*, 556 U.S. at 677).  In deciding whether the plaintiff has stated a claim, the

2    Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences

3    in his or her favor.  *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  The Court is

4    not required, however, to accept as true "allegations that are merely conclusory, unwarranted

5    deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049,

6    1055 (9th Cir. 2008).  If the Court dismisses a complaint, it "should grant leave to amend even if

7    no request to amend the pleading was made, unless it determines that the pleading could not

8    possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir.

9    2000) (internal quotation marks and citation omitted).

## I.   EIGHTH AMENDMENT CLAIM

Thomas has alleged several claims under federal and state law.  The problem with the federal claims is that they either get the law wrong or merely parrot the applicable statutes or constitutional provisions in conclusory ways and fail to offer even the lightest dusting of operative facts.

The Eighth Amendment claim is representative of these defects.  Thomas contends that the County violated his Eighth Amendment rights by subjecting him "to a substantial risk of harm and injury from violence from other prisoners and inadequate medical health care."  Complaint at ¶ 28.  Even assuming purely for the sake of discussion that the County can be held liable for the alleged events under the ACSO's custody, which is not at all clear as the County argues, Thomas's claim founders on governing law.  The prohibition on cruel and unusual punishment applies only "after conviction and sentence."  *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (citing *Graham v. Conor*, 490 U.S. 386, 392 n. 6 (1989) (internal citations omitted).  Since pretrial detainees "are not convicted prisoners," they are not accorded any rights under the Eighth Amendment.  *Id*. (quotations and internal citation omitted).  Rather, their rights arise under the Due Process Clause of the Fourteenth Amendment.  *Id*.  Consequently, plaintiff's Eighth Amendment claim is dismissed without leave to amend as it is not legally cognizable.

## II. IMPROPER HOUSING AND INADEQUATE MEDICAL TREATMENT CLAIMS

Thomas's Fourteenth Amendment claim fares only slightly better. Thomas appears to contend that the ACSO knew or should have known that he was likely to be attacked after placement in the holding tank with known gang antagonists, and that the deputies deliberately held off intervening after the assault started. Complaint at ¶ 31. Thomas also alleges that the deputies ignored his bleeding injuries and did not take him to get medical attention. *Id.* at ¶ 21.

Again assuming purely for discussion that the County can be called to account for the ACSO's alleged conduct, the problem Thomas faces here is that a "municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). Local governments and their departments may be sued directly under Section 1983 only where the alleged unconstitutional conduct is the result of an official policy, pattern, or practice, including "deprivations visited pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." *Id.* at 690-91.

Thomas makes virtually no effort to allege facts sufficient to support a municipal liability claim under *Monell*. The most the complaint does is state in wholly conclusory fashion that Thomas was injured as the result of defendants' "polices and practices described above." Complaint at ¶ 27. What those purported policies are, how they were deployed in Thomas's circumstances -- and whose polices they were, County or the ACSO -- are left unstated. For example, Thomas alleges that he was improperly placed in a holding tank with rival gang members, but fails to identify any specific policy or policies promulgated by the County or the ACSO pertinent to pretrial housing. Similarly, while Thomas alleges that he was not taken to a doctor after the assault, he neglects to identify any County or ACSO policy governing medical attention for pretrial detainees. The Court also notes that a plaintiff cannot prove the existence of a municipal policy or custom based solely on the occurrence of a single incident or unconstitutional action by a non-policymaking employee. *See Nadell v. Las Vegas Metropolitan Police Dept.*, 268 F.3d 924, 929 (9th Cir. 2001).

4

1   Unlike the Eighth Amendment claim, it is theoretically possible that Thomas might be able
2   to allege additional facts to sustain the Fourteenth Amendment claim. The Court will allow
3   Thomas **10 days from the date of this order** to file an amended complaint if he so chooses. The
4   Court advises Thomas to make sure the *Monell* claim is properly stated because further leave to
5   amend is very unlikely to be granted. In addition, Thomas should identify with specificity which
6   defendant is the subject of the *Monell* claim and the reason why that defendant is answerable for it.

## III.  OVERCROWDING CLAIM

Plaintiff's fifth cause of action against the County is for prison overcrowding. In the complaint Thomas cites to overcrowding litigation and seeks injunctive relief "[b]ecause remedial measures have not worked to ensure the observance of plaintiff's rights." Complaint at ¶ 60. In opposition to defendant's motion, Thomas relies on *Brown v. Plata*, ___U.S. ___, 131 S.Ct. 1910 (2011), presumably the litigation he referenced in his complaint. "However, a remedial court order, standing alone, cannot serve as the basis for liability under 42 U.S.C. § 1983 because such orders do not create 'rights, privileges or immunities secured by the Constitution and laws' of the United States." *Yocom v. Grounds*, No. C 11–5741 SBA (PR), 2012 WL 2254221, at *6 (N.D. Cal. June 14, 2012) (citation omitted). Thus, *Plata* by itself does not provide any substantive right on which plaintiff can rely, and his claim of general prison overcrowding based on *Plata* fails. *See Rouse v. Brown*, No. C 13–1020 PJH (PR), 2013 WL 1222713, at *l–2 (N.D.Cal. Mar. 22, 2013) (dismissing without leave to amend civil rights complaint under *Plata* based on general prison overcrowding). The claim is dismissed without leave to amend.

## IV.  STATE LAW CLAIMS

Plaintiff raises several state law causes of action and requests that the court exercise supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367. Complaint at ¶ 5. A district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). Here, the Court has dismissed plaintiff's two federal claims and declines to exercise supplemental jurisdiction over the five state law claims under 28 U.S.C. § 1367(c)(3). The state law claims are dismissed without prejudice, and the Court will revisit this issue if Thomas chooses to amend the *Monell* claim.

## CONCLUSION

Thomas's Eighth Amendment claim is dismissed with prejudice. He may try to reallege the Fourteenth Amendment claim within 10 days of entry of this order, along with any pertinent state law claims that have already been pleaded. Thomas may not add any other new claims to the complaint. The Court will revisit jurisdiction over the state law claims against Alameda County if, and when, plaintiff successfully pleads the *Monell* claim.

If Thomas chooses to amend, the Court advises him to address two issues raised in the County's motion. The first is whether and to what extent the County played any role in the events Thomas has sued on, and whether the County can be deemed liable for the ACSO's alleged conduct. Thomas should allege facts on these issues. The second is whether Thomas has complied with the California Tort Claims Act with respect to state law claims subject to it. Thomas should allege facts showing compliance or that he is properly excused from compliance.

**IT IS SO ORDERED**.

Dated: March 16, 2015

_____
JAMES DONATO
United States District Judge