UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELTON DURRELL THOMAS,<br>　　　　Plaintiff,<br>　　v.<br>ALAMEDA SHERIFF'S OFFICE,<br>　　　　Defendant. | Case No. 14-cv-01810-JD<br><br>**ORDER DISMISSING CASE** |

　　　　Mr. Thomas was ordered to show cause why this case should not be dismissed against the Alameda County Sheriff's Office ("ACSO") for failure to comply with Federal Rule of Civil Procedure 4(m), which requires that a defendant be served within 120 days after the complaint is filed. Dkt. No. 41. The complaint in this case was filed on April 18, 2014, and the ACSO had not been served almost one year later when the Court issued an order to show cause on March 30, 2015. *Id.*

　　　　Plaintiff appears to have effected service on April 3, 2015. Dkt. No. 42. But service was not made until after the Court issued the order to show cause and after plaintiff's counsel submitted a declaration that failed to show good cause for the prior failure to serve. Counsel initially claimed that she personally served the complaint and summons on the ACSO back in July 15, 2014, but "inadvertently [] left out the name of the person [she] served." Dkt. No. 43 at 2. Instead, she simply wrote that she served "Alameda County Sheriff." Dkt. No. 10. However, even assuming counsel mistakenly omitted the name of the particular sheriff she served, her proof of service is nonetheless dubious. The proof of service alleges counsel served the summons on an Alameda County Sheriff at 1221 Oak Street in Oakland, CA, but that is not the ACSO's address. Dkt. No. 45, Ex. 1 at 2. The correct address is 1401 Lakeside Drive, 7th Floor, Oakland, CA.

1  Dkt. No. 45-1.  In addition, the Alameda County Sheriff has declared under oath that he had not
2  been served by plaintiff in July 2014.  *Id*.

3  Counsel also stated in her declaration that she had extensive discussions with opposing
4  counsel, Greg Walker, regarding the ACSO's failure to file a responsive pleading.  Dkt. No. 42.
5  But Mr. Walker is the mediator in this matter, and not opposing counsel, and the discussion she
6  cites to with the actual opposing counsel does not mention the lack of a responsive pleading.  Dkt.
7  No. 46.

8  Overall, plaintiff's counsel has shown no diligence in serving the ACSO and has failed to
9  present any persuasive reason to excuse that omission.  Because the plaintiff has not shown good
10 cause for the failure to properly serve the ACSO within the time limit required by Rule 4(m), the
11 case is dismissed without prejudice and closed.

12 **IT IS SO ORDERED.**

13 Dated: April 20, 2015

_____
JAMES DONATO
United States District Judge

2